UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PENNY JORGENSEN-ORTEGA, | ) | Case No. C05-1107-JCC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff Penny Jorgensen-Ortega's Motion to Alter or Amend the Judgment (Dkt. No. 32) of this Court, set forth in its April 15, 2008 Order affirming the decision of the administrative law judge ("ALJ"). (Dkt. No. 30.) The Court hereby DENIES Plaintiff's Motion to Alter or Amend the Judgment, as follows.

## I. PROCEDURAL HISTORY

The facts in this case are well known to the parties and will not be recounted here. The Commissioner denied Plaintiff's claim both initially and on reconsideration. (AR at 11.) Plaintiff requested a hearing, which took place on May 6, 2004. (*Id.*) On December 16, 2004, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her determination that Plaintiff could perform unskilled sedentary work. (*Id.* at 465.) Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council. (*Id.* at

ORDER
PAGE – 1

467–69.)

On June 17, 2005, Plaintiff filed an action in this Court challenging the Commissioner's decision. (Compl. 1 (Dkt. No. 1).) Plaintiff's case was remanded for further administrative proceedings, and a second hearing was held on September 6, 2006. (AR at 11.) On February 8, 2007, the ALJ issued a new decision, again finding that Plaintiff was not disabled. (*Id.* at 27.) Defendant filed a motion to reopen the case on May 30, 2007. (Def.'s Mot. to Rpn. 1 (Dkt. No. 12).) The Court issued an Order on April 15, 2008 affirming the decision of the ALJ. (Order 1 (Dkt. No. 30).) Plaintiff filed a Motion to Alter or Amend the Judgment on April 29, 2008. (Pl.'s Mot. to Am. 9 (Dkt. No. 32).)

## II. STANDARD OF REVIEW

Plaintiff filed her Motion to Alter or Amend the Judgment under FED. R. CIV. P. 59(e). (Pl.'s Mot. to Am. 1 (Dkt. No. 32).) The Court will construe this as a Motion for Reconsideration under Local Rule CR 7(h)(1), as the standards for granting such motions are primarily the same. Motions for reconsideration are "disfavored" and are ordinarily denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LOCAL RULE CR 7(h)(1). Here, Plaintiff does not argue that new facts or legal authority justify her motion; rather, she argues that the Court's affirmation of the decision of the ALJ was "manifest error." (Pl.'s Mot. to Am. 2 (Dkt. No. 32).) Motions to reconsider are within the sound discretion of the trial judge. *Navajo Nation v. Confederated Tribes of Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A Motion for Reconsideration is noted for consideration for the day it is filed; therefore, this motion is ripe for review. LOCAL RULE CR 7(h)(2).

ORDER
PAGE – 2

### III. ANALYSIS

<u>A. Plaintiff Contends that the Court Violated *Chenery* and Misapplied the *Stout* Test for Harmless Error.</u>

Plaintiff's first argument is made up of two primary contentions: (1) the Court's determination that Plaintiff could perform the job of table worker, which existed in significant numbers in the economy, violated *Chenery* (Pl.'s Mot. to Am. 4 (Dkt. No. 32)); (2) the Court misapplied the *Stout* test for harmless error. (*Id.* at 5.) According to Plaintiff, an error is only harmless where "no reasonable ALJ who did not make the ALJ's error would have reached a different result." (*Id.*)

With regard to the first contention, Plaintiff argues that because the ALJ made her disability determination based on Plaintiff being able to perform both the information clerk and table worker positions, the Court's choice to affirm on one of these grounds is an improper post hoc rationalization. This is not the case. The question of whether Plaintiff could perform the position of table worker was squarely before the ALJ. She heard vocational expert ("VE") testimony on Plaintiff's ability to perform this job, and relied on it in her decision: "The vocational expert testified that given all these factors she would be able to perform the requirements of representative occupations such as information clerk . . . . She could do the job of table worker." (AR at 27.) To affirm based on a finding explicitly relied upon and explained by the ALJ in her decision is not an improper post hoc rationalization—and the fact that the ALJ cited not one, but two jobs as "representative" does not make it so.

The Court's reasoning is further supported by Ninth Circuit case law. In *Meanel v. Apfel* the Ninth Circuit Court of Appeals performed a remarkably similar analysis. 172 F.3d 1111 (9th Cir. 1999). In that case, the ALJ had found the plaintiff to be not disabled at step five because there were two jobs she could perform: surveillance systems monitor and fund raiser II. *See Meanel*, 172 F.3d at 1114. In affirming the ALJ, the court determined the ALJ properly concluded there were a significant number of the surveillance systems monitor jobs. The ALJ found that "there were between 1,000 and 1,500 surveillance systems monitor jobs in

ORDER
PAGE – 3

the local area." *Id.* at 1115. The court stated that it had previously held that 1,266 was a significant number; therefore, the number cited by the ALJ in this case was significant as well. *Id.* at 1115. Because one position existed in significant numbers, the court found it was unnecessary to address the propriety of the other. *Id.*

It is unclear from the court's opinion in *Meanel* whether the ALJ in that case specifically stated that 1,000 to 1,500 surveillance jobs exist, *and* that 1,000 to 1,500 constituted significant numbers. In other words, it is unclear whether the ALJ articulated that each of the two positions individually existed in significant numbers, or made a more sweeping statement that the plaintiff could perform these two jobs which existed in significant numbers, and was therefore not disabled. The Court does not believe, however, that invocation of such magic words—that each job listed individually exists in significant numbers—is required to avoid remand. In *Meanel*, the court focused on the fact that the ALJ found 1,000 to 1,500 jobs existed; then it looked to its own precedent as a confirmation that the number was significant. Because it was, the court stated: "we need not address Meanel's arguments regarding the additional occupation of fund raiser II." *Id.* at 1115.

Evaluating the reasoning of the ALJ should not be an exercise in formalism. The only question this Court must answer is whether the decision of the ALJ was supported by substantial evidence and free from legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). In this case, the ALJ determined the Plaintiff could perform the job of table worker, a position with 12,500 jobs existing in the Western region, and 50,000 jobs existing in the national economy. (AR at 27.) The table worker and information clerk jobs listed by the ALJ were examples of jobs Plaintiff could perform which existed in significant numbers in the national economy—examples which independently satisfy the Commissioner's burden at step five.

To advance her second argument, Plaintiff contends that the Court erred in applying the *Stout* test for harmless error, arguing that the Court could only have determined the job of

ORDER
PAGE – 4

table worker existed in significant numbers if no reasonable ALJ could have found otherwise. (Pl.'s Mot. to Am. 5 (Dkt. No. 32).) Plaintiff's argument misses the mark: it focuses on an error the Court never found. The Court determined the ALJ made a procedural error by failing to ask the VE whether his testimony conflicted with the DOT. (Order 15 (Dkt. No. 30).) The Court found this error to be harmless because there was no conflict based on the Ninth Circuit's logic in *Massachi*. (*Id.* (citing *Massachi v. Astrue*, 486 F.3d 1149, 1154 (9th Cir. 2007) (explaining this procedural error [failure to inquire about a conflict between the DOT and VE testimony] can be harmless where there is "no conflict . . . . ")).) Therefore, Plaintiff's discussion of harmless error regarding the number of table worker positions is misplaced and irrelevant based on the Court's reasoning.

> B. Plaintiff Contends the Court Improperly Relied on its own Theory Regarding the DOT.

Plaintiff also argues that the Court erred by affirming the decision of the ALJ based on "a theory about the DOT for which there is no record evidence." (Pl.'s Mot. to Am. 6 (Dkt. No. 32).) Plaintiff further contends that the Court made another improper post hoc rationalization when it reasoned that the DOT did not preclude a determination that the positions listed by the VE could be performed one-handed. (*Id.* at 7.) In doing so, Plaintiff paints the Court's decision with too broad of a brush. The Court affirmed based on the ALJ's determination that Plaintiff could perform the position of table worker, a job which existed in significant numbers in the national economy. (Order 15–16 (Dkt. No. 30).) The Court did not intend this conclusion to be the sweeping generalization about all DOT jobs that Plaintiff makes it out to be. The Court based its reasoning on the testimony of the VE, and the decision of the ALJ in this case.

While an ALJ has an affirmative duty to ask whether the testimony of the VE is consistent with the DOT, the failure to do so can be harmless where no conflict exists. *See Massachi*, 486 F.3d at 1154. The ALJ stated in her opinion her belief that "the vocational expert's testimony is consistent with the information contained in the Dictionary of

ORDER
PAGE – 5

Occupational Titles." (AR at 27.) With regard to the position of table worker, the DOT was silent about whether or not the requirements listed referred to one-handed or two-handed work. U.S. Dep't of Labor, DOT (4th ed. 1991) *available at* WL DICOT 237.367-022. The VE, however, specifically testified that this position could be performed one-handed; therefore, the ability to perform this job was consistent with both the hypothetical posed by the ALJ and Plaintiff's restrictions. (AR at 526.) This testimony does not, on its face, conflict with the DOT.

To the contrary, the VE provided more explicit information regarding the physical requirements of the position than that supplied by the DOT. As stated by the Commissioner, "the fact that the DOT is less specific does not mean it was inconsistent."(Def.'s Br. 6 (Dkt. No. 24).)[1] The Social Security Administration's own rulings further recognize this possibility: "A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *3.[2]

In light of these considerations, the Court could not say, based on the record, that a clear conflict existed. "When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Baston v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The Court was not relying on post hoc rationalizations, but instead VE testimony which occurred at the hearing, and reasoning from the decision of the ALJ. The fact that these issue were raised and discussed at the hearing obviates Plaintiff's concerns of unfairness stemming from an inability "to cross-examine the

---

[1] The Commissioner's comment also contradicts Plaintiff's contention that the parties "agree" that a conflict exists between the VE testimony and the DOT. (Pl.'s Mot. to Am. 8 (Dkt. No. 32).)

[2] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195,1203 n.1 (9th Cir. 2001). Accordingly, such rulings are given deference by the courts "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

ORDER
PAGE – 6

vocational expert about that explanation." (Pl.'s Mot. to Am. 7 (Dkt. No. 32).)

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Alter or Amend the Judgment. (Dkt. No. 32.)

DATED this 12th day of May, 2008.

JOHN C. COUGHENOUR
United States District Judge

ORDER
PAGE – 7